UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMIR RAHMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-00085-JRS-DML |
| ) | |
| KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Tamir Rahman's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case CIC 19-09-0088. For the reasons explained in this Entry, Mr. Rahman's petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

CIC 19-09-0088 began with the following conduct report, written September 5, 2019, by Officer R. Rider:

> On 9/5/2019 at approximately 10:15 PM I officer R. Rider Smelled smoke coming from AO-2. I officer R. Rider (WM) Observed Offender Rahman, Tamir (BM) #978396 Standing at the restroom sink in A&O-2. He appeared intoxicated. I called for the yard for assistance. The yard arrived and they escorted Rahman to medical. He was being belligerent and he appeared to be under the influence of an intoxicant. He was transported to medical

Dkt. 7-1.

On September 10, 2019, Mr. Rahman received notice that he was charged with violating Code B-231, "Intoxicants." Dkt. 7-2. An inmate violates Code B-231 by "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants)." Dkt. 7-14 at § 231.

CIC 19-09-0088 proceeded to a disciplinary hearing on October 1, 2019. Dkt. 7-6. According to the hearing officer, Mr. Rahman made the following statement in his defense:

> 9/5 @ 11 pm, 2nd in line for bathroom. Bailey was in the restroom wigging out. I went in to help Bailey, I was holding his head. When the ofc. came in I was washing my hands. I had been up since 4 am, I was exhausted. They told me to go and I wasn't moving fast enough. When they grabbed me I had a reaction. The RN pumped up the BP too much. The signal was called for Bailey.

*Id.*

In addition to Mr. Rahman's statement, evidence presented to the hearing officer included a drug screening report and statements from three witnesses. The drug screening report documented urinalysis of a sample collected about twelve hours after the incident in the bathroom. Dkt. 7-10. The report showed that Mr. Rahman's urine did not contain detectable amounts of barbiturates, benzoclazepines, buprenorphine, cocaine, marijuana, methadone, methamphetamine, methylenedloxymethamphetamine, opiates, or oxycodone. *Id.*

>Sergeant Carlisle provided a written statement echoing Officer Rider's conduct report:
>
>>On 9/5/2019 at approximately 10:15 PM I Sgt. A. Carlisle, Observed Offender Rahman, Tamir (BM) #978396 Standing at the restroom sink in A&O-2 and he appeared intoxicated. I then ordered Ofc. Farmer to place mechanical restraints on Ofd Rahman and escorted him to medical. He was being belligerent and he appeared to be under the influence of an intoxicant.

Dkt. 7-7. Officer Farmer provided a nearly identical statement. Dkt. 7-8. Finally, Nurse Bolanos reported:

>Medical staff nurses LPN Brian Robbins and RN Rebeca Bolanos responded to an urgent call from medical regarding offenders who were having adverse reactions to some type of inhalant. This call came at approximately 10:15pm. Offender Rahman was found at the entrance of the bathroom for 2AO. Offender Bailery was on the floor. After both were brought out of 2AO their vital signs were taken with the following results: Bailey—O2-96%, BP-130/80, Temp-98.8F, HR-154 then 104. Offender Bailey was alert to person, situation, but not to his location. He thought he was at Miami Correctional. Rahman—O2-would not register, BP-180/140, Temp-98.7, HR-104. Rahman was combative, beligerent, and very defiant. He challenged every move and action by Nurse Robbins which is in direct contrast to his demeanor from his arrival to CIF and his intake was performed by this writer.

Dkt. 7-9.

>The hearing officer found Mr. Rahman guilty and provided the following explanation:
>
>>Conduct report and 4 staff persons who state Ofd. Rahmin appeared to be under the influence of an intoxicant/beligerent supports a finding of guilt. Sanctions are progressive discipline/seriousness.

Dkt. 7-6. The hearing officer assessed sanctions, including a loss of earned credit time and a credit-class demotion. *Id.* Mr. Rahman's administrative appeals were denied. Dkts. 7-11, 7-12, 7-13.

### III. Analysis

Mr. Rahman argues that he is entitled to habeas relief because his disciplinary conviction was not supported by sufficient evidence. He notes that he was not found to be in possession of any intoxicant and that his urinalysis was negative and argues that the hearing officer disregarded that evidence.

>"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The hearing officer's decision found enough evidentiary support to satisfy due process. Three officers described Mr. Rahman as appearing to be intoxicated. Their statements do not prove *definitively* that Mr. Rahman was under the influence of an intoxicant. However, due process required only *some evidence* of guilt, and the officers' statements and the conduct report satisfied that lenient standard.

Certainly, the hearing officer could have viewed the urinalysis report as evidence that Mr. Rahman was not guilty. However, the urinalysis did not test for all intoxicating substances, so it was by no means dispositive. More important, this Court may not "reweigh the evidence underlying the" disciplinary conviction or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). Some evidence supported the hearing officer's decision, and that ends the Court's review.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Rahman's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the

relief he seeks. Accordingly, Mr. Rahman's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date:    11/5/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TAMIR RAHMAN
978396
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov